UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANET POOLE LITTLE,

                Plaintiff,

v.                                            Case No. 13-CV-13558
                                            Honorable Denise Page Hood

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
_____/

**<u>ORDER ACCEPTING REPORT AND RECOMMENDATION [#11]</u>**
**<u>and</u>**
**<u>REMANDING ACTION PURSUANT TO SENTENCE FOUR OF</u>**
**<u>42 U.S.C. § 405(g)</u>**

      This matter is before the Court on Magistrate Judge Michael Hluchaniuk's Report and Recommendation. **[Docket No. 11, filed June 23, 2014]** In this Report and Recommendation, Magistrate Hluchaniuk recommended that this Court **GRANT** Plaintiff's Motion for Summary Judgment **[Docket No. 8, filed December 19, 2013]**, **DENY** the Commissioner's Motion for Summary Judgment **[Docket No. 10, February 25, 2014]**, **REVERSE** the Commissioner's Decision, and **REMAND** this matter pursuant to sentence four of 42 U.S.C. § 405(g). Neither party has filed an objection within the time provided under 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d).

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. The Magistrate Judge reviewed the ALJ's findings and the record thoroughly in reaching his conclusion that there are "significant concerns regarding the ALJ's analysis of the treating physician's opinions and evidence along with the lack of any medical opinion on equivalence." **[Rep. & Rec. At 16]**

As recommended by the Magistrate Judge, this matter is remanded to the

Commissioner under sentence four of 42 U.S.C. § 405(g). The Supreme Court recognizes only two kinds of remands involving social security cases-those pursuant to sentence four and those pursuant to sentence six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances under which remands are authorized clearly showed that Congress intended to limit the district court's authority to enter remand orders in these two types of cases. *Melkonyan*, 501 U.S. at 100. Sentence four allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision. Id. at 99-100. Sentence four remands are appropriate in situations where the decision maker incorrectly applied the regulations in denying disability benefits. *See Faucher v. Secretary of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994). In such situations the district court must reverse the Commissioner's decision and remand the matter for further proceedings in order to correct the error. *Id.* A judgment must be entered immediately with a sentence four remand and the district court does not retain jurisdiction during the administrative proceedings on remand. *Melkonyan*, 501 U.S. at 101-02. Failure to remand under sentence four and retention of jurisdiction is error. *Shalala v. Schaeffer*, 509 U.S. 292, 299 (1993). A sentence four remand is a judgment for the plaintiff. *Id.* at 302

(citations omitted)

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Michael Hluchaniuk **[Docket No. 11, filed June 23, 2014]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Docket No. 8, filed December 19, 2013]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motions for Summary Judgment **[Docket No. 10, filed February 25, 2014]** is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **REVERSED** and this action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.

                                        s/Denise Page Hood
                                        Denise Page Hood
                                        United States District Judge

Dated: July 31, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2014, by electronic and/or ordinary mail.

                                        s/LaShawn R. Saulsberry
                                        Case Manager